# Exhibit 6

AMERICAN ARBITRATION ASSOCIATION

| | |
|---|---|
| RICHARD HALL and LUKASZ JURASZEK, | Case No.   012000108567 |
| Claimants, | **ORDER NO. FORTY-SIX**<br>**(Motion for Terminating Sanctions)** |
| vs. | |
| RAINBERRY, INC., a California corporation dba TRON aka TRON FOUNDATION, YUCHEN JUSTIN SUN (aka JUSTIN SUN), and CONG LI, | |
| Respondents. | |

On April 19, 2023, a hearing was conducted regarding Claimants Richard Hall and Lukasz Juraszek's "Motion for Terminating Sanctions and Entry of Default against Respondent Justin Sun for Failure to Comply with Series of Arbitrator's Orders and Appear for His Deposition" ("Motion").

Attending the hearing were:

- William F. Fitzgerald and Norman LaForce representing Claimants, Richard Hall and Lukasz Juraszek; and

- Karl R. Lindegren, Cheryl L. Schreck, and Nazanin Afshar representing Respondents, Rainberry, Inc. and Yuchen Justin Sun.

Having considered the submissions of the parties and the arguments presented, the Arbitrator rules as follows.

**Introduction**

Claimants move for an order, pursuant to the California Code of Civil Procedure, as well as under the inherent power of the Arbitrator, for an order issuing terminating sanctions against Respondent Sun, striking the answer of Sun, entering default against him for failure to appear at deposition, and prohibiting Sun from testifying. Claimants cite to Sun's refusal to appear at deposition despite the orders of the Arbitrator.

**History/Background**

At the start of this matter, originally filed in San Francisco Superior Court, Respondents moved to compel this matter to arbitration, and the motion was granted.[1] *See* March 12, 2020, S.F. Superior Court Order. Respondents' motion to compel arbitration regarding the claims against Sun were granted because of Sun's position as employee (CEO[2]) and agent of Rainberry, as alleged in the complaint. *See id.* ("The complaint sufficient alleges defendants Sun and Li are employees and agents of Rainberry. These defendants may compel arbitration against plaintiffs." (citations omitted)).

Once the arbitration was commenced, Respondents agreed that the Arbitrator had the jurisdiction to hear and determine the matters submitted to arbitration. *See* Order No. One. Respondent Sun continued to avail himself of the arbitration process, including filing a demurrer/motion to dismiss, which the Arbitrator ruled upon on March 26, 2021. *See* Order No. Four. The parties, including Sun, proceeded to engage in discovery, regarding which various orders were issued. This included in 2021, the ordering and setting of depositions in light of the parties' disagreements, such as regarding how and when Sun's deposition would occur. *See e.g.*, Order Nos. 14 (parties ordered to submit schedule with dates to complete depositions, including of

---

[1] In the answer that Sun filed in court, he asserted as his First Affirmative Defense, "Defendant alleges that this Court lacks subject matter jurisdiction to adjudicate this action because all disputes arising out of or relating to Plaintiffs' employment, and all the causes of action in their Complaint, are subject to Plaintiffs' agreement to submit such disputes to such binding individual contractual arbitration[.]"

[2] Sun was an executive during Claimants' employment. Rainberry submitted a March 21, 2022 Declaration of Steve Liu as part of the diplomatic immunity motion which declared that Sun resigned as CEO, CFO, and Secretary of Rainberry on August 29, 2021.

Sun), 19 (further directing the parties after failure to resolve deposition issues), 21 ("The current dates offered for Respondent Sun and for the Rainberry PMQ, Ellis Liu, in late March 2022, are too far out. These deposition issues have continued for too long, and need to be resolved. . . . Respondents[3] are to confer and by November 5, 2021, provide two sets of dates for Sun and for the Rainberry PMQ that occur before February 1, 2022.").

As Respondents acknowledge, Sun's deposition was set for February 18, 2022. *See* Opp. at 4. Sun did not, however, appear for deposition on that date. As Respondents state, on February 10, 2022, Respondents' counsel informed Claimants' counsel that Sun had been named World Trade Organization Representative for Grenada, and that Sun would not appear for his deposition until the issue of his diplomatic immunity was decided. *See* Opp. at 5.

While Sun did not seek a protective order excusing non-appearance, he filed a motion to dismiss based upon alleged diplomatic appointment in 2021, as Permanent Representative of Grenada to the World Trade Organization. (Claimants employment ended in 2019.) On April 22, 2022, the Arbitrator issued an order denying this motion after applying the functional immunity standard relating to the alleged WTO appointment. *See* Order No. 29.

In 2022, Claimants filed a ninth motion to compel to address Sun's failure to appear at deposition. *See* Am. Order. No. 30. In Amended Order No. 30, the Arbitrator found:

> After the parties' inability to agree to deposition scheduling, Order No. 23 was issued, including establishing the date for Sun's deposition. Sun did not appear for the deposition. No protective order was sought prior to the deposition date that was ordered. There has, since then, been motion practice, including Rainberry and Sun's motion to dismiss based upon diplomatic immunity for Sun. That motion has now been resolved.
>
> IT IS ORDERED that Sun shall appear at deposition forthwith, consistent with the further instructions regarding scheduling of depositions set for the below.

Sun did not, however, appear for deposition forthwith. To resolve further disagreement by the parties regarding the logistics for Sun's deposition, the Arbitrator issued Amended Order No. 32 on May 23, 2022, to set specific rules on offering and accepting of dates, court reporter

---

[3] Cong Li also was a respondent at that point, and was separately represented. The claims against Li were later dismissed upon request of Claimants.

costs, time zone, and start/stop times. *See id.* That order resulted in Sun's deposition being set for June 27 and 28, 2022. *See* Order No. 36. On June 24, 2022, the business day before that latest setting of Sun's deposition, Respondent Rainberry submitted a request for leave to file a motion to dismiss Sun on the grounds of diplomatic immunity and for protective order from Sun having to testify. *See* Order No. 36. In light of the assertion of a new and different form of diplomatic immunity, the Arbitrator issued an order setting a briefing schedule[4] and noting:

> The Arbitrator is mindful arbitration hearing is set to start on October 10, 2022, and the dispositive motion briefing schedule starts in July. Filing and consideration of this new motion relating to Rainberry's assertion that Sun has operative diplomatic immunity as Grenada Ambassador for Science and Technology for the United Nations will interfere with the current deadlines and potentially the arbitration hearing dates. But Claimants and Rainberry all take the position that these issues should be briefed, and the Arbitrator finds that attention must be taken on this.

On October 25, 2022, the Arbitrator issued an order denying the motion to dismiss Sun on grounds of diplomatic immunity regarding alleged appointment as Grenada's Ambassador for Science and Emerging Technology to the United Nations. *See* Order No. 40.

In Order No. 40, the Arbitrator gave the parties—including Sun—the opportunity to provide statements of position by November 8, 2022, if they believed they had the right to seek immediate review of that order denying the motion regarding diplomatic immunity and wished to exercise such a right. No party contended that any action should be taken relating to immediate review. *See* Order No. 42.

Respondents had, however, submitted a request to file a motion to dismiss for lack of subject matter jurisdiction as of December 2022. *See* Order No. 42.

The Arbitrator ruled as follows:

> The history of diplomatic immunity motions was previously summarized in Section I of Order No. 40. Order No. 40 dismissed the motion to dismiss that was based upon Sun's alleged status as Ambassador for Science and Emerging Technology ("ASET") for Grenada to the United Nations.

---

[4] The hearing on the matter was moved, including because of the unavailability of counsel for Respondents Rainberry and Sun, and then unavailability of counsel for Claimants. *See* Order No. 38.

> As set forth in Sections II.C and II.D of Order No. 40, the Arbitrator dismissed the motion to dismiss based upon alleged ASET status for insufficient evidence establishing that Sun held a position triggering diplomatic immunity.
>
> Respondents' current request for leave to file a motion to dismiss again is based upon Sun's alleged ASET status. So, this involves the same diplomatic immunity status issue as Order No. 40 considered. There is, however, no indication of any additional evidence relating to such status, either directly or through citation to a potential exhibit. The evidentiary issues were extensively discussed in Order No. 40, including that Respondents and Claimants both acknowledged that a U.S. State Department identification card would provide confirmation regarding Respondents' assertion of status-based immunity. *See* Order No. 40, Section II.C; *cf.* State Dep't Diplomatic Immunity Pub. at 16 ("Numerous documents are associated with foreign diplomats; *only one provides an accurate indication of the status of the holder*"— *i.e.*, the identity card issued by the U.S. Mission to the United Nations, which has different color borders depending on status) (emphasis added).
>
> As of the time of Order No. 40—and as of now, in January 2023—Respondents have not presented such documentation. Respondents previously stated, "Once collected, Mr. Sun will submit to the Arbitrator his diplomatic identification card, which will state Mr. Sun's level of immunity." *See* Order No. 40, Section II.C. So, while Sun represents he was appointed by Grenada in May 2022, now eight months later, no such card has been submitted (this was also noted in Order No. 40). (This stands in direct contrast to *Slater v. Biehl*, 793 A.2d 1268 (D.C. 2002), a case cited by Respondents in their proposed memorandum of points and authorities in support of a new motion to dismiss. In that case, the court noted "The State Department's certification of Biehl's diplomatic status was unequivocal, and Slater does not contest it." *Slater* at 1278.)
>
> For these reasons regarding the lack of sufficient evidence establishing Sun holds a position triggering diplomatic immunity, including as set forth in Order No. 40, Sections II.C and II D, Respondent's request for leave to file a motion to dismiss for subject matter jurisdiction based upon alleged ASET appointment is denied.

The Arbitrator further returned to the issue of Sun's deposition:

> The Arbitrator does note that the parties have now had opportunity and time to provide submissions regarding ASET diplomatic immunity issues. Going forward, the parties are instructed that a

    party should not fail to appear at a properly noticed deposition without a protective order or other order from the Arbitrator.

Order No. 42.

  In the face of this Order, Sun took the unequivocal position that he refused to appear at deposition, notwithstanding the absence of a protective order or other order excusing him from appearance. Sun's unequivocal refusal to appear for deposition in this matter was confirmed in Order No. 43:

> Counsel for Respondents has stated in its February 13, 2023 submission to the Arbitrator that Respondent Sun refuses to appear for deposition, taking the position that he has "absolute diplomatic immunity and pursuant to 28 U.S.C. § 1351, the Arbitrator lacks subject matter jurisdiction over the claims asserted against him in this proceeding." Respondents 2/13/23 submission (from counsel Cheryl Schreck). (The Arbitrator has addressed these issues of alleged ASET diplomatic immunity, including in Orders No. 40 and 42.) . . . .
>
> In their February 14, 2023 submission, Claimants note Respondents' February 13, 2023 submission that states Respondent Sun's refusal to appear at deposition and Claimants indicate that they have noticed the deposition of Respondent Sun.
>
> There is no order excusing Respondent Sun from appearing at deposition consistent with Order No. 42. Claimants request that any motion by them regarding Sun's refusal to appear at deposition to be resolved before scheduling the remaining depositions, including to preserve the ordering of depositions relative to Sun's deposition. Because Sun's refusal is categorical and unequivocal and will be deemed as such, there is no need to wait for this issue to be resolved to move forward with other discovery (for example, this moots any issue of timing regarding which deposition occurs first).

Order No. 43. No party disputed or sought reconsideration of Order No. 43. Accordingly, as of the time of this order on February 20, 2023, Sun's refusal to appear at deposition, in violation of the Arbitrator's orders, including Order No. 42, had been found to be categorical and unequivocal. Sun has never disputed (including at the April 19, 2023, hearing of this motion) that his refusal to appear at deposition is categorical and unequivocal.

  While it is not necessary to this order in light of his unequivocal and categorical refusal to appear, the Arbitrator nonetheless notes that Sun's deposition was set for a final setting of

March 1, 2, and 3, 2023. *See* Opp. at 7. Consistent with his categorical refusal to appear at deposition, Sun did not appear. There was no order excusing his non-appearance.

Claimants were granted leave to file a motion regarding Sun's refusal and/or failure to appear at deposition in Order No. 43. (The parties jointly requested that the schedule be extended due to personal circumstances relating to Plaintiff's counsel. *See* Order No. 45). And the currently pending Motion was then filed.

**Claimants' Requests for Judicial Notice**

As part of their Motion, Claimants submitted two requests for judicial notice—one as part of the initial filings and one as part of their reply filings. The Arbitrator does not need to consider the documents submitted with those requests for judicial notice to reach his determinations in this Order.

**Claimants' Motion for Terminating Sanctions**

California discovery law authorizes "a range of penalties for conduct amounting to 'misuse of the discovery process'". *E.g., Doppes v. Bentley Motors, Inc.*, 174 Cal.App.4th 967, 991 (2009) (quoting Cal. Code Civ. Proc. § 2023.030); *see also Housing Authority v. Gomez*, 26 Cal.App.3d 366, 371 (1972) (terminating sanctions appropriate for willful failure to attend a noticed deposition). Pertinent to this matter, such misuses of the discovery process include failing to submit to an authorized method of discovery (Cal. Code Civ. Proc. § 2030.010(d)) and disobeying an order to provide discovery (Cal. Code Civ. Proc. § 2030.010(g)). California authorizes terminating sanctions for anyone engaging in misuse of the discovery process. Code Civ. Proc. § 2023.030. These terminating sanctions can be effectuated by striking the pleadings, staying proceedings until discovery is obeyed, or rendering a judgment by default. Code Civ. Proc. § 2023.030(d).

The record reflects that staying the proceedings until discovery is obeyed would not help here. (And Respondents indeed (rightfully) do not propose such a remedy would be appropriate.) While Respondents argue for a lesser sanction, Respondents acknowledge that willful violation can warrant terminating sanctions—such sanctions can be appropriate if "the record clearly shows lesser sanctions would be ineffective." Opp. at 12. Respondents do not indicate how lesser

1  sanctions would remedy Sun's stated and documented unequivocal refusal to appear for
2  deposition.  Lesser sanctions are not appropriate here, including because this is not a case
3  involving partial or evasive responses, or simply continued delay.  Less severe sanctions would
4  not produce compliance with the discovery rules.  After voluntarily appearing in this Arbitration
5  (having made a motion to compel arbitration), after having previously agreed to deposition dates,
6  and after having been instructed that failure to appear without an order excusing nonappearance is
7  improper, Sun took the unequivocal and categorical position he would not appear because he was
8  going to maintain his assertion of diplomatic immunity (which had been rejected after a full
9  opportunity to be heard on the merits, including as set forth in Order Nos. 29 and 40).

10       In this case, there is a history of providing full opportunity for Sun to have his arguments
11 heard, even when he did not seek a protective order to excuse non-appearance at deposition.  Sun's
12 arguments were considered each of the times he raised an assertion of diplomatic immunity.  But,
13 once the issues were decided (with Sun given opportunity to raise any grounds to seek immediate
14 review, which he did not), and it was expressly noted to Sun that he needed to appear absent an
15 order from the Arbitrator, this was no longer an issue of delay, but of unequivocal refusal to
16 appear for deposition.[5]  Sun's categorical and unequivocal refusal to appear for deposition was
17 expressly noted in Order No. 43.  And this was again noted at the oral argument for this motion.

18       Accordingly, it is evident that Sun's refusal to appear at deposition, in violation of the
19 Arbitrator's orders (including Order No. 42, noting the impropriety of failure to appear without an
20 order) are willful—they are knowing and intentional.  Sun's refusal to appear involves a violation
21 fundamental to the case; despite his prior conduct acknowledging that his deposition was
22 appropriate (including voluntarily proceeding in this action and agreeing to multiple prior settings
23 of his deposition), he refuses to be deposed at all.  This refusal has never changed, even at the
24 April 19, 2023, hearing, where it was clear Sun was facing terminating sanctions for failure to

---

[5]  Respondents acknowledge that Sun's failure to appear for the March 1, 2, and 3, 2023 deposition, after the diplomatic immunity motions had already been addressed, and after Order No. 42, was intentional—Respondents note the deposition was noticed by Claimants with "complete knowledge of Sun's intention not to appear." Opp. at 9.

1  appear, and indeed, the Arbitrator provided the parties at the start of the hearing with his intention
2  to issue terminating sanctions, having reviewed the parties' submissions.
3        In the face of this willful violation by Sun and the history, as set forth above, the Arbitrator
4  has no choice but to issue terminating sanctions. *See* Code Civ. Proc. 2023.030; *see also Housing*
5  *Authority v. Gomez* at 373 (terminating sanctions appropriate where trial court concluded the party
6  "had no intention of being deposed").
7        IT IS ORDERED that Sun's answer is stricken and a default shall be entered against Sun.
8  A prove-up hearing shall be conducted on the currently set arbitration hearing dates of
9  December 4 to 12, 2023.

11  Dated: May 8, 2023

                                    Baldwin J. Lee, Arbitrator

LAW OFFICES
**Allen Matkins Leck Gamble**
**Mallory & Natsis LLP**

ORDER NO. FORTY-SIX

-9-