**VIA ECF**  September 16, 2025

Hon. Analisa Torres
United States District Judge
Southern District of New York
500 Pearl Street, Room 15D
New York, NY 10007

    Re:    *Sun v. Geffen et al.*, No. 25-cv-00995 (S.D.N.Y.)

Dear Judge Torres:

    Plaintiff/Counterclaim-Defendant Sun Yuchen Justin ("Sun") and Defendants/Counterclaim-Plaintiffs David Geffen and Ithaka Trust (together, "Geffen") respectfully submit this joint letter motion requesting the following extension of deadlines set forth in the Court's Civil Case Management Plan and Scheduling Order (ECF No. 27):

| Event | Original Date | New Date |
| --- | --- | --- |
| Deadline for all fact discovery to be completed | December 1, 2025 | June 1, 2026 |
| Case Management Conference | December 22, 2025 | January 28, 2026 |

    This is the parties' first request to extend these deadlines.

    The request is grounded in delays attendant to the international nature of this dispute, primarily including: (1) Sun's documents, which are located abroad (in Hong Kong) and are subject to local privacy and secrecy laws that have constrained his document collection and production efforts; and (2) the number of relevant witnesses located abroad, requiring discovery to proceed through the Hague Convention (and we note that certain additional witnesses abroad are likely to be the subject of Hague Convention requests once their contact information is ascertained).  In addition, domestic third-party discovery is proceeding slowly, as described below.

**I.     BACKGROUND ON DISCOVERY EFFORTS TO DATE**

    By way of background, the parties each served demands for the production of documents on May 13, 2025, the earliest date for such requests permitted under the Federal Rules of Civil Procedure.  Since then, the parties have served and responded to additional discovery requests, including interrogatories and requests for admission.  More than ten third-party subpoenas have been served, and third-party document productions have begun.  Geffen has also sought this Court's issuance of Letters of Request pursuant to the Hague Evidence Convention to pursue discovery from additional non-parties located in France and Singapore.  (ECF Nos. 33, 38.)

    Notwithstanding these efforts, the parties agree that an extension is necessary and justified by the following independently and collectively:

## II.   COMPLIANCE WITH FOREIGN LAW HAS CAUSED SIGNIFICANT DELAYS IN THE COLLECTION AND PRODUCTION OF DOCUMENTS[1]

Sun is located in Hong Kong and other custodians are likewise located abroad.  As a result, Sun, who has widescale business activities, has had to navigate compliance with his local laws, including in particular China's Data Security Law, which has significantly delayed his identification, collection, and production of documents.  For example, because the ESI search process risks intrusion into Sun's and one of his representative's outside activities that are not germane to this case, that search has had to occur on a much slower and more exacting basis (with the involvement of an outside forensic ESI vendor).  That ESI collection process has been proceeding diligently throughout the summer but it remains ongoing.  An additional challenge is that Sun's documents are largely in Chinese and must be reviewed in coordination with his counsel in this case with the assistance of translators.  An extension is accordingly necessary to allow Sun to navigate these issues and produce his documents, and to give Geffen sufficient time to review his production.

## III.   DOMESTIC AND INTERNATIONAL THIRD-PARTY DISCOVERY IS UNDERWAY BUT PROCEEDING SLOWLY

The parties have also been diligent in pursuing third-party discovery, including through subpoenas domestically and Hague Convention requests internationally.

Several important third parties in this case—including a company called Ganymede International, Cole Tunkl, David Tunkl and Ralph Lerner—have engaged counsel to respond to subpoenas served on them by Sun.  In Sun's view, their respective document productions remain incomplete and are the subject of certain disputes that remain under discussion, but which may require eventual motion practice for the Court to resolve.

Geffen is simultaneously pursuing document and oral discovery from multiple third-party witnesses, including both U.S.-based witnesses and witnesses located abroad in Hague jurisdictions, such as France and Singapore.  As of this filing, his motions for Letters of Request for discovery from non-parties located in France[2] and Singapore[3] remain pending.  Assuming those motions are granted, Geffen reasonably estimates that it will take at least several months to obtain discovery from witnesses located in those jurisdictions.  Moreover, Geffen and Sun both may seek discovery from additional witnesses through the Hague upon determination of their contact information.[4]  Courts in this District recognize that the "often-slow mechanisms of the Hague Convention" justify extended discovery schedules.  *United States v. Buff*, 636 F. Supp. 3d 441, 444 (S.D.N.Y. 2022) (finding one-year discovery period justified given parties' need to

---

[1] Section II's description of Sun's document collection efforts to-date was authored by Sun's counsel.  Geffen reserves all rights, including without limitation with respect to foreign law issues, the scope and adequacy of Sun's collection, and the relevance of his documents.

[2] *See* ECF No. 33 (motion for issuance of Letter of Request to Giacometti Foundation, a French entity and the last public exhibitor of *Le Nez* prior to the events giving rise to this suit).

[3] *See, e.g.*, ECF No. 38 (motion for issuance of Letter of Request to Helutrans, a Singapore entity that housed *Le Nez* and shipped it to France at Xiong's request).

[4] By way of example, Geffen is trying to determine whether he needs to go through the Hague to serve one witness located in China.  In the event he does, he is still trying to ascertain the witness's address.

proceed through Hague Convention); *see also, e.g.*, *Skillz Platform Inc. v. Papaya Gaming, Ltd.*, 753 F. Supp. 3d 347, 357 (S.D.N.Y. 2024) (noting parties' reliance on Hague Convention would of necessity "substantially delay this matter's adjudication"); *Societe Nationale Industrielle Aerospatiale v. U.S. Dist. Ct. for S. Dist. of Iowa*, 482 U.S. 522, 542 (1987) (same).

For these reasons as well, the parties do not expect to be able to complete fact discovery by the present deadline of December 1, 2025. The parties jointly, respectfully request that the fact discovery deadline be extended until June 1, 2026.

We thank the Court for its attention to this matter. We are available to answer any questions the Court may have.

Respectfully submitted,

| **PRYOR CASHMAN LLP** | **NAGY WOLFE APPLETON LLP** |
|---|---|
| */s/ William L. Charron* | */s/ Tibor L. Nagy, Jr.* |
| William L. Charron | Tibor L. Nagy, Jr. |
| 7 Times Square | 31 East 62nd Street, 6th Floor |
| New York, NY 10036 | New York, NY 10065 |
| (212) 421-4100 | (646) 494-4900 |
| wcharron@pryorcashman.com | tibor@nagylaw.com |
| *Attorneys for Plaintiff and Counterclaim-Defendant* | *Attorneys for Defendants and Counterclaim-Plaintiffs* |