UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
YUCHEN JUSTIN SUN,

                         Plaintiff,                      **25 Civ. No. 995 (AT) (GS)**

          -against-                              **<u>ORDER</u>**

DAVID GEFFEN*, et al.,*

                         Defendants.
-----------------------------------------------------------------

**GARY STEIN, United States Magistrate Judge:**

On November 18, 2025, Defendants David Geffen and Ithaka Trust ("Defendants") filed two separate letter motions seeking to compel Plaintiff Justin Sun ("Plaintiff" or "Sun") (1) to produce documents and (2) to make available Jeffrey Li, Esq. ("Li") for deposition. (Dkt. Nos. 49, 50). On November 21, 2025, Plaintiff submitted a letter opposing both requests. (Dkt. No. 53). On November 26, 2025, Defendants filed a reply (Dkt. No. 58), and on December 3, 2025, Plaintiff filed a sur-reply (Dkt. No. 63). An oral argument concerning Defendants' motions was held on December 9, 2025. (*See* Oral Argument Transcript, Dkt. No. 67 ("Tr.")). The oral argument resolved certain issues concerning Plaintiff's document production, but not the deadline for Plaintiff's production, or the dispute regarding Li's deposition.

Taking up the latter question first, the parties' submissions and the oral argument make clear that there is disagreement as to whether Li is under Plaintiff's control. Defendants argue that Li, who appears to have acted as counsel for Sun in China, is Sun's "agent" and is "controlled" by Sun such that Sun can be

1

required to make him available under the test for control in the Second Circuit. (*See* Dkt. No. 50 at 1; Tr. at 66:9-10, 67:7-69:3).  Plaintiff, by contrast, states that Li "does not want to sit for a deposition" and that Plaintiff cannot force him to do so. (Tr. at 69:17-19; *see id.* at 73:20-22 ("I don't believe [Li] is under [Plaintiff's] control, that he can force him to travel to the United States")).

However, a review of case law indicates that this debate may be beside the point, because the Court may lack the power to compel Li's deposition whether or not Li is under Sun's control.  Questions of whether discoverable information is within a party's control, including whether the party has the "practical" ability to obtain the information from a third party (*see* Tr. at 67:7-10), commonly arise in the context of a party's obligation to produce documents under Rule 34 of the Federal Rules of Civil Procedure.  *See, e.g.*, *Eletson Holdings Inc. v. Levona Holdings Ltd.*, No. 23 Civ. 7331 (LJL), 2025 WL 1898237, at *2 (S.D.N.Y. July 9, 2025).  Here, Defendants have served a deposition notice, which falls under Rule 30(b).  (Dkt. No. 50 at 3).  "Unlike the language of Rule 34, Rule 30 of the Federal Rules of Civil Procedure does not require a party to litigation to produce persons for deposition who are merely alleged to be in the party's control."  *In re Ski Train Fire of Nov. 11, 2000 Kaprun Austria*, No. MDL 1428 (SAS) (THK), 2006 WL 1328259, at *9 (S.D.N.Y. May 16, 2006).  While *parties* may be compelled to appear for deposition via a Rule 30 deposition notice, third-party witnesses cannot be, and instead "can be deposed under subpoena."  *Honda Lease Tr. v. Middlesex Mut. Assur. Co.*, No. 3:05 Civ. 1426 (RNC), 2008 WL 3285242, at *3 (D. Conn. Aug. 7, 2008) (holding that

corporate entity was not required to produce for deposition employees of related entities who were not its own employees).

The court in *Chevron Corp. v. Salazar*, 275 F.R.D. 422 (S.D.N.Y. 2011), considered the specific question of "whether an individual party to litigation"—such as Sun—"may be required to produce his or her agent or managing agent for a deposition." *Id.* at 427. The plaintiff in *Chevron* sought an order compelling two individual defendants to produce for deposition four other individuals, three of whom were Ecuadorian attorneys who had represented the defendants, on the theory that the witnesses were "agents" of the defendant who were "obliged to follow [defendants'] instructions." *Id.* at 424, 426. Judge Kaplan acknowledged that an agent-principal relationship existed. *See id.* at 426 ("Lawyers are agents for their clients."). He also acknowledged that "there are strong arguments for the proposition" that an individual party should be required to produce his or her agent for a deposition. *Id.* at 427. Nonetheless, he held that under current law the individual defendants could *not* be compelled to do so and hence denied the plaintiff's motion. *Id.* ("While it is quite likely that these witnesses, as a matter of fact and law, are within the control of the [defendants], the Court declines to construe Rule 30 to permit it to direct that the [defendants] produce them for deposition.").

Based on Judge Kaplan's decision in *Chevron*, it appears that this Court lacks the power to compel Sun to make Li available for deposition. Further, since Li is located abroad, he is outside the subpoena power of this Court, and in such a case

"procedures according to international treaty must be followed." *In re Ski Train Fire*, 2006 WL 1328259, at *9; *see also Chevron*, 275 F.R.D. at 427.  However, since Sun did not raise this objection to Defendants' motion to compel and the issue was not addressed in the parties' arguments, the Court refrains from making a ruling at this time.

Instead, the Court will give both sides an opportunity to submit briefing. Defendants shall have until Wednesday, December 24, 2025 to submit a letter brief in support of their position that the Court has the authority to compel Li's deposition, if that remains their position (or, alternatively, to inform the Court that they are no longer taking that position).  Plaintiff shall have until Wednesday, December 31, 2025 to respond.  Each submission may be no longer than five single-spaced pages in length.

Turning to the motion to compel production of documents, at oral argument Plaintiff's counsel agreed to produce, by the end of this year, documents related to ownership of *Le Nez* and documents related to the cancellation of a planned donation of the sculpture to another entity.  (Tr. at 30:10-19).  The Court also directed the parties to meet and confer in order for Plaintiff to produce, also by the end of this year, documents referenced in Plaintiff's pleadings (specifically, the Complaint, the Answer to Defendants' Counterclaims, and Plaintiff's responses to Defendants' requests for admission).  (*Id.* at 57:10-23).  As for the remaining documents, Defendants seek production by the end of January 2026 (Tr. at 59:17-22), and Plaintiff, citing complications arising from data privacy and state secrecy

4

laws of China and Hong Kong, proposes that he begin producing documents by February and substantially complete his production by the end of March 2026 (Tr. at 34:2-5; 35:6-9).

The Court finds Plaintiff's proposed schedule too leisurely. Plaintiff brought this action and has had many months to respond to Defendants' document requests and to consider the impact of foreign data privacy and state secrecy laws on those requests. (*See* Tr. at 12:18-13:4, 34:11-25). Further, it appears that many of the documents to be produced are not located in China or subject to Chinese law restrictions and that the restrictions under Hong Kong law are not be as stringent). (*See id.* at 46:15-16, 60:22-61:11. Balancing Plaintiff's claimed need to ensure compliance with Chinese and Hong Kong law with Defendants' right to obtain documents reasonably in advance of the depositions in this case, the Court directs that Plaintiff substantially complete his production of documents *which do not raise issues of Chinese law* by January 30, 2026 and substantially complete his overall document production (including documents that do raise issues of Chinese law) by February 27, 2026. The parties shall submit a joint status letter regarding the progress of discovery by no later than February 6, 2026.

**SO ORDERED.**

DATED:     New York, New York
           December 19, 2025

_____
GARY STEIN
United States Magistrate Judge

5