**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------X
YUCHEN JUSTIN SUN,

       Plaintiff and Counterclaim Defendant,

              -against-

DAVID GEFFEN and ITHAKA TRUST,

       Defendants and Counterclaim Plaintiffs.

              -and-

*LE NEZ*, a sculpture,

       Defendant-in-rem.

-------------------------------------------------------------
**25 Civ. No. 995 (AT) (GS)**

**ORDER**

**GARY STEIN, United States Magistrate Judge:**

On December 19, 2025, the Court issued an Order questioning whether it had the authority to compel the deposition of nonparty witness Jeffrey Li, as requested by Defendants (Dkt. No. 50), and inviting briefing from the parties on that issue. (Dkt. No. 70). In response, Defendants submitted a letter stating that, in light of Plaintiff's acknowledgement at the December 9, 2025 conference that he could not rely on Li at trial if Li does not sit for a deposition, Defendants "no longer seek[] to compel Li's deposition." (Dkt. No. 72 at 1). Hence, that issue is now moot.

However, Defendants' letter now seeks a different remedy: an order precluding Plaintiff from relying on Li for any purpose, including calling him as a witness, submitting an affidavit from Li, offering Li's out-of-court statements for any purpose, or relying on Li's knowledge for any discovery response. (*Id.* at

1

3).  Plaintiff has submitted a letter opposing Defendants' request for this relief. (Dkt. No. 73).  With leave of Court, Defendants have submitted a reply letter.  (Dkt. Nos. 74, 75).

Having carefully reviewed the parties' submissions, the Court finds no basis to issue a preclusion order at this time.  Defendants posit various scenarios that could arise in which, they contend, it would be unfair for Plaintiff to be able to rely on Li's statements without having made Li available for deposition.  (Dkt. No. 72 at 3-4).  But these are hypotheticals at this juncture; discovery in this case is still at a relatively nascent stage.  The Court agrees with Plaintiff that any motion for preclusion, and any ruling on such a motion, should await a concrete issue crystallizing into an actual controversy.  In *Chevron Corp. v. Salazar*, 275 F.R.D. 422 (S.D.N.Y. 2011), after ruling that he lacked power to compel the depositions of nonparty witnesses, Judge Kaplan noted that the plaintiff might be "entitled to a missing witness charge or other relief at trial or in subsequent motion practice based on the failure of the [defendants] to procure the witnesses' appearances." *Id.* at 427.  But rather than answering such questions in the abstract, Judge Kaplan found that they must "abide the event." *Id.*  So too here.

Defendants argue that a preclusion order is warranted as a form of sanction under Rule 37 of the Federal Rules of Civil Procedure.  (Dkt. No. 72 at 3).  But Plaintiff has not engaged in any sanctionable conduct, so this argument is a non-starter.  Plaintiff has not violated any court order by not producing Li for deposition.  Nor has he violated any agreement between the parties.  Although the

parties had been negotiating the terms of a possible deposition of Li, ultimately no agreement was reached.  This was because Defendants requested terms (including that the deposition take place in person in the United States) to which Li was unwilling to agree.  (*See* Dkt. No. 73 at 2-3).  So it cannot fairly be said that Plaintiff has breached any agreement to produce Li for deposition.

Finally, Defendants' reply letter, contending that Plaintiff's letter makes an improper burden-shifting argument, invites the Court to decide issues concerning who bears the burden of showing that *Le Nez* constitutes stolen property.  (Dkt. No. 74-1 at 1-2).  The Court declines the invitation.  The burden of proof applicable to claims of art theft can raise deeply nuanced and vitally important, even outcome-dispositive, issues.[1]  The Court will not venture onto this fraught terrain in the context of this discovery dispute and without the benefit of full briefing.

**SO ORDERED.**

DATED:    New York, New York
          January 8, 2026

_____
GARY STEIN
United States Magistrate Judge

---

[1] *See, e.g.*, *Republic of Turkey v. Christie's Inc.*, 62 F.4th 64, 70-71 (2d Cir. 2023); *Bakalar v. Vavra*, 619 F.3d 136, 147 (2d Cir. 2010); *Republic of Croatia v. Tr. of Marquess of Northampton 1987 Settlement*, 203 A.D. 167, 167-68, 610 N.Y.S.2d 263 (1st Dep't 1994); *Solomon R. Guggenheim Found. v. Lubell*, 153 A.D.2d 143, 153, 550 N.Y.S.2d 618 (1st Dep't 1990), *aff'd*, 77 N.Y.2d 311, 567 N.Y.S.2d 623, 569 N.E.2d 426 (1991).