**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------------------------------X
YUCHEN JUSTIN SUN,

      Plaintiff and Counterclaim Defendant,

             -against-                  **25 Civ. No. 995 (AT) (GS)**

DAVID GEFFEN and ITHAKA                  **ORDER**
TRUST*,*

      Defendants and Counterclaim Plaintiffs.

             -and-

*LE NEZ*, a sculpture,

      Defendant-in-rem.

-------------------------------------------------------------
**GARY STEIN, United States Magistrate Judge:**

      This Order resolves pending discovery disputes between Plaintiff Yuchen

Justin Sun ("Sun") and Defendants David Geffen and Ithaka Trust ("Geffen") as set

forth in the parties' letters dated December 19, 2025 and January 12, 2026.  (*See*

Dkt. Nos. 69, 71, 78).

## LEGAL STANDARDS

      Under Federal Rule of Civil Procedure 26(b), "[p]arties may obtain discovery

regarding any nonprivileged matter that is relevant to any party's claim or defense

and proportional to the needs of the case."  Fed. R. Civ. P. 26(b)(1).  In evaluating

what information is discoverable, the court "consider[s] the importance of the issues

at stake in the action, the amount in controversy, the parties' relative access to

relevant information, the parties' resources, the importance of the discovery in

1

resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id.* Relevance is "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any party's claim or defense." *State Farm Mut. Auto. Ins. Co. v. Fayda*, No. 14 Civ. 9792, (WHP) (JCF), 2015 WL 7871037, at *2 (S.D.N.Y. Dec. 3, 2015) (cleaned up).

The party moving to compel discovery "bears the initial burden of demonstrating that the information sought is relevant and proportional." *Sportvision, Inc. v. MLB Advanced Media, L.P.*, No. 18 Civ. 3025 (PGG) (VF), 2022 WL 2817141, at *1 (S.D.N.Y. July 19, 2022); *see also Citizens Union of City of N.Y. v. Attorney General of N.Y.*, 269 F. Supp. 3d 124, 139 (S.D.N.Y. 2017) ("Plaintiffs, as the parties seeking discovery from [defendant], bear the initial burden of proving that the information and documents sought are relevant and proportional to the needs of the case."). Once the moving party has made this showing, "the burden shifts to the opposing party to justify curtailing discovery." *Sportvision*, 2022 WL 2817141, at *1.

## DISCUSSION

### A. Steve Liu's Cellphone

Geffen seeks to compel Sun to search for and produce relevant records from the cellphone of Steven Liu, a director of a Sun-controlled company. (Dkt. No. 71 at 2). In earlier discussions between the parties, Sun indicated it would search Liu's cellphone. (*Id.*; Dkt. No. 78 at 1). However, Sun claims that was before it conferred

with Liu, and that after doing so, Sun determined that Liu's cellphone is "unlikely" to contain relevant documents "not covered by other custodians." (Dkt. No. 78 at 1; *see also* Dkt. No. 69 at 3). Sun notified Geffen that they would not be searching Liu's cellphone on December 16, 2025. (Dkt. No. 71 at 1).

There is no dispute that Liu is a relevant witness in the case. Geffen calls Liu a "critical witness" who was involved in certain matters related to *Le Nez*, the sculpture at issue. (Dkt. No. 71 at 2). Geffen intends to depose Liu. (Transcript of Dec. 9, 2025 Discovery Conference, Dkt. No. 67 ("Tr.") at 47:4). While contending that Geffen is exaggerating Liu's importance, Sun does not dispute that Liu is a relevant witness. (Dkt. No. 69 at 3 (acknowledging that "Liu had a limited role with respect to the issues in this case"); *see also* Dkt. No. 78 at 2). In fact, Sun has agreed to search Liu's emails on relevant company servers. (Tr. at 38:10-12).

The burden is thus on Sun to justify curtailing discovery as to Liu's cell phone. Sun has failed to meet that burden. Sun's prediction that information on Liu's cell phone may merely duplicate information to be produced from other custodians is not a good reason, under the circumstances of this case, to deny Geffen his requested discovery. *See Frazier v. Morgan Stanley & Co., LLC*, No. 16 Civ. 804 (RJS), 2021 WL 2709250, at *5 (S.D.N.Y. July 1, 2021) (even in the context of nonparty discovery, "the potential for duplicative discovery does not by itself make a subpoena improper"). Considering the Rule 26(b)(1) factors—including that Liu concededly is a relevant witness whose emails are being produced, that this dispute is about ownership of a sculpture allegedly worth $78 million in 2021 (Dkt. No. 1 ¶

3

9), and that both parties appear to have ample resources—the Court easily concludes that discovery as to Liu's cell phone is relevant and proportional to the claims and defenses in this action.

Sun also argues that if he is required to search Liu's phone, Geffen should be required to search the phones of two of Geffen's custodians, Carol Lusk and Richard Sherman. (Dkt. No. 78 at 2). Geffen's counsel told Sun's counsel in July 2025 that he would not be searching Lusk and Sherman's phones because, based on counsel's investigation, they did not have relevant information on their phones aside from duplicative emails that are accessible from other sources. (Dkt. No. 69 at 3; Dkt. No. 78 at 2). Sun claims his position on Liu's phone is identical to Geffen's position on Lusk and Sherman's phones. (Dkt. No. 78 at 2). Geffen responds that the circumstances are different because Lusk and Sherman's phones (unlike Liu's phone) "appear to have" no "phone-specific" relevant data (*i.e.*, non-emails). (Dkt. No. 71 at 2). Geffen also notes that after being told in July 2025 that Lusk and Sherman's phones would not be searched, Sun's counsel raised no objection until Geffen sought to compel Sun to search Liu's phone. (*Id.*).

Because Sun stood silent on the issue of Lusk and Sherman's phones for five months, and raises the issue now only in response to Geffen's motion to compel, the Court will decline to order Geffen to search Lusk and Sherman's phones at this time. Sun has not made an adequate showing as to why discovery material that he was previously prepared to forgo has now become relevant and proportional. Sun may renew his application at a later date if he is able to put forth a sufficient

substantive justification for seeking discovery as to Lusk and Sherman's phones. Being required to provide discovery as to Liu's phone is not sufficient justification. *See Scelsi v. Habberstad Motorsport Inc.*, No. 19 Civ. 4315 (FB), 2021 WL 6065768, at *3 (E.D.N.Y. Dec. 22, 2021) ("Discovery is not a 'tit for tat' process.").

### B. Additional Hit Report

At the December 9, 2025 discovery conference, the Court directed Sun to provide a hit report for Geffen's 86 proposed search terms for electronic discovery. (Tr. 58:9-58:6). Sun did so, but also took the position that, based on the results, Geffen's search terms were overly broad. (Dkt. No. 69 at 2). Sun made a counterproposal limited to 57 search terms. (*Id.*). But Sun declined to provide a hit report corresponding to its proposed search terms. (Dkt. No. 71 at 3). Geffen now seeks an order requiring Sun to provide such a hit report. (Dkt. No. 69 at 2; Dkt. No. 71 at 2-3).

To facilitate intelligible comparison and informed negotiation over the search terms, Sun is hereby directed to provide the requested hit report for its counterproposal. Sun's arguments as to why he should not perform this simple yet important task are entirely unconvincing. Principally he contends that it is unnecessary to generate "iterative hit reports for each and every change in the search terms." (Dkt. No. 69 at 2-3 n.2). That may or may not be true, but there is absolutely no reason for Sun to refuse to provide a hit report for his counterproposal, which represents a material change from Geffen's proposal,

slashing the number of Geffen's search terms by one-third. Sun shall provide this hit report by Wednesday, February 11, 2026.

### C. Documents Relied on In Preparing Sun's Pleadings

At the December 9 conference, Sun agreed to produce by the end of the year documents in the United States that its counsel relied on in preparing Sun's pleadings. (Tr. at 57:23-58:5). Sun states that he did so. (Dkt. No. 78 at 3). Geffen does not dispute that assertion, but requests that Sun be ordered to produce documents that were not in the United States, but were reviewed by counsel via videoconference. (Dkt. No. 71 at 3). To the extent this issue has not been mooted by the passage of time, the Court regards the documents reviewed via videoconference as outside the scope of Sun's undertaking at the December 9 conference, and declines to require Sun to produce those documents on an accelerated timetable.

**SO ORDERED.**

DATED:     New York, New York
                February 9, 2026

_____
GARY STEIN
United States Magistrate Judge