# CAHILL GORDON & REINDEL LLP

32 OLD SLIP
NEW YORK, NY 10005

TELEPHONE: (212) 701-3000
WWW.CAHILL.COM

| 900 16th STREET, N.W. Suite 500 | 221 W. 10th STREET | 20 FENCHURCH STREET |
|---|---|---|
| WASHINGTON, DC 20006 | WILMINGTON, DE 19801 | LONDON EC3M 3BY |
| (202) 862-8900 | (302) 884-0000 | +44 (0) 20 7920 9800 |

**VIA ECF**                                                          March 30, 2026

Hon. Gary Stein, U.S.M.J.
United States District Court, S.D.N.Y.
500 Pearl Street, Room 702          **MEMO ENDORSED**
New York, New York 10007

Re:     ***Sun* v. *Geffen* (Case No. 1:25-cv-00995) (AT) (GS)**

Dear Judge Stein:

Together with Pryor Cashman LLP, we represent plaintiff/counterclaim-defendant Justin Sun ("Sun") in the above-captioned case. Pursuant to Section I.G of Your Honor's Individual Practices in Civil Cases, we respectfully request an extension of the discovery deadline set forth in the Court's February 9, 2026 Order (ECF No. 86) (the "Order"), which directed the parties to complete document discovery by April 3, 2026.[1] We have conferred with counsel for David Geffen and Ithaka Trust (together, "Geffen"), and they do not consent to this request.

At the time the Order was entered, the scope of Sun's document collection included data sources from Sun, Steve Liu, Sydney Xiong, and APENFT email accounts. Since then, the Court has ordered Sun to collect and review additional sources of data. Specifically, on February 9, the Court ordered Sun to collect and produce responsive documents from Liu's cell phone, and on February 25, the Court ordered Sun to collect and produce responsive documents from Sun's personal Gmail account and from two additional custodians—Elodie He and Cindy Louie (collectively, the "Additional Sources"). (*See* ECF Nos. 85, 99.) Because the orders requiring productions from the Additional Sources were issued on February 9 and 25 respectively, Sun had not yet collected data from the Additional Sources when the current document production deadline was set on February 9.

Following the entry of the Order, Sun has continued working diligently to collect, review, and process data for production. As we have explained in prior letters, Sun's documents are subject to foreign law and, as a result, must undergo a two-stage review process conducted in coordination with foreign counsel. That process is necessarily time-intensive and requires foreign counsel to carefully review each document to ensure that responsive materials are produced in compliance with foreign law, with appropriate redactions in place. Only after foreign counsel completes its review can Sun's U.S. counsel conduct a final review and proceed with production.

The current deadline for document productions is April 3. By that date, Sun expects to have substantially completed his productions from the data sources that Sun had already collected,

---

[1] Sun previously requested an extension of the deadline for substantially completing the production of documents not subject to Chinese law, and the parties jointly requested an extension of the deadline for substantially completing all document discovery. The Court granted both requests. (*See* ECF Nos. 81, 86.)

or was in the process of collecting, when the April 3 deadline was set. This includes responsive documents from: (i) Sun's business email account and chat applications, (ii) various data sources collected from Xiong, (iii) APENFT email accounts, and (iv) an email account created by Xiong under the alias "Laura Chang." Sun has already made one production of emails collected from Liu's email account, but additional materials from that account remain under foreign law review.

Notwithstanding Sun's efforts, Sun will require additional time to substantially complete productions from certain data sources. First, although foreign counsel is working expeditiously to finish processing the remaining documents from Liu's email account, responsive materials from that account will not be ready for production by April 3. Second, Sun has collected data from the Additional Sources, but those materials have not yet passed through the foreign counsel review process and will not be ready for production by the current deadline. Foreign counsel estimates that it will need three weeks to complete its review of data collected from the Additional Sources, and Sun's U.S. counsel will require an additional week to review the documents before production.

Accordingly, Sun respectfully requests that the Court: (i) extend the deadline for Sun to substantially complete the production of documents from Liu's email account to April 17, 2026; and (ii) extend the deadline for Sun to substantially complete the production of documents collected from the Additional Sources to May 4, 2026.[2]

We do not believe that the requested extensions will affect the overall schedule in this case. Geffen and Sun recently served additional document requests on each other, and Geffen is pursuing discovery from multiple foreign parties through the Hague Evidence Convention, a process that remains ongoing and has not yet resulted in any productions. Sun has also notified Geffen of deficiencies in his prior productions and requested production of additional categories of materials, which is now the subject of a meet and confer process. Discovery from domestic third parties is likewise ongoing—including from David and Cole Tunkl and Ganymede International, Inc., who have agreed to run search terms proposed by Sun and to make a supplemental production by the end of April. Sun and Geffen also recently served further subpoenas on additional third parties from whom document productions are expected. In this circumstance, the requested extensions for Sun's productions will not delay the progress of this case.

Given that document discovery remains ongoing, Geffen's refusal to consent to Sun's extension request is unreasonable. When Sun asked Geffen for his position on Sun's extension request, Geffen stated that he would consider consenting if Sun gave a timeline for delivering hit reports, supplying document collection information, and negotiating search terms for the Additional Sources. We informed Geffen that Sun could provide hit reports and collection information within two business days, and that Geffen was free to propose search terms for Elodie He, who the Court indicated should be subject to narrower searches than Sun's other custodians. Geffen nevertheless refused to consent, asserting that Sun must negotiate search terms for all Additional Sources. This demand is nonsensical: Geffen has already filed a motion to compel with respect to the scope of Sun's search terms. At bottom, Geffen's opposition to Sun's extension

---

[2] Geffen recently filed a motion seeking to compel Sun to run additional search terms on his data, which Sun has opposed. (*See* ECF No. 109, 111, 112, 128.) Depending on the outcome of that motion, Sun may need to seek an extension of the deadline for producing any further documents that Sun is ordered to review.

request appears to be just another instance of Geffen's continued strategy of exploiting the logistical complexities of Sun's cross-border discovery solely to obtain leverage.

Respectfully submitted,

/s/ *Samson A. Enzer*

Samson A. Enzer

/s/ *William L. Charron*

William L. Charron

cc: All counsel of record (via ECF)

Application granted. SO ORDERED.

Date:   March 31, 2026

Gary Stein
United States Magistate Judge
Southern District of New York