UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
YUCHEN JUSTIN SUN,

      Plaintiff and Counterclaim Defendant,

              -against-

DAVID GEFFEN and ITHAKA
TRUST,

      Defendants and Counterclaim Plaintiffs.

              -and-

*LE NEZ*, a sculpture,

      Defendant-in-rem.

-----------------------------------------------------------------

**25 Civ. No. 995 (AT) (GS)**

**<u>ORDER</u>**

**GARY STEIN, United States Magistrate Judge:**

On March 17, 2026, Defendants/Counterclaim-Plaintiffs David Geffen and Ithaka Trust (collectively, "Geffen") filed a letter motion seeking, *inter alia*, to compel the production of emails between Sydney Xiong and Steve Liu, respectively, and Robert Caldwell of Loeb & Loeb, transactional counsel for Plaintiff/Counterclaim-Defendant Yuchen Justin Sun ("Sun"). (Dkt. No. 119). On March 20, 2026, Sun submitted a letter in opposition to Geffen's March 17 motion. (Dkt. No. 126). On March 26, 2026, Geffen submitted a reply brief in further support of the March 17 motion. (Dkt. No. 129).

The parties disagree as to whether the emails in question are protected by the attorney-client privilege. Having reviewed the parties' submissions, the Court has determined that its analysis would benefit from review of the emails in

question.  (*See* Dkt. No. 119 at 3 (suggesting *in camera* review, although asserting it is unnecessary); Dkt. No. 126 at 3 (stating that Sun had suggested *in camera* review during the parties' meet and confer)).  Accordingly, Sun is hereby ordered to direct Loeb & Loeb to submit the disputed emails for the Court's *in camera* review by no later than April 17, 2026.  Loeb & Loeb may provide the emails either by sending a hard copy to my Chambers or by sending an electronic copy to the Chambers email address.

Geffen's March 17 letter motion also seeks an order compelling Sun to produce attachments to an email dated December 18, 2024 produced by Loeb & Loeb.  (Dkt. No. 119 at 3).  Geffen, however, does not state that he engaged in any efforts to meet and confer with Sun and/or Loeb & Loeb about this issue before raising it with the Court.  Rule 37 of the Federal Rules of Civil Procedure states that, when a party moves for an order compelling discovery, "[t]he motion *must include* a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."  Fed. R. Civ. P. 37(a)(1) (emphasis added).  Similarly, my individual practice rules state: "Any party wishing to raise a discovery dispute with the Court *must first confer* in good faith with the opposing party in an effort to resolve the dispute."  Individual Practices in Civil Cases Before Magistrate Judge Gary Stein, Rule II.C.1.

Geffen's motion, insofar as it seeks to compel production of the attachments to the December 18, 2024 email, blatantly disregards these requirements.

Consequently, this part of Geffen's motion is denied out of hand. The parties are hereby admonished that any further requests for court intervention without prior good faith meet and confer efforts in compliance with Rule 37(a)(1) and my individual rules, and a clear and detailed description of those meet and confer efforts, will be rejected without further consideration.

**SO ORDERED.**

DATED:     New York, New York
           April 10, 2026

_____
GARY STEIN
United States Magistrate Judge

3