**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| SUN, YUCHEN JUSTIN,<br><br>  *Plaintiff and Counterclaim-Defendant,*<br><br>    -against-<br><br>DAVID GEFFEN and ITHAKA TRUST,<br><br>  *Defendants and Counterclaim-Plaintiffs,*<br><br>    -and-<br><br>*LE NEZ,*<br>  a sculpture,<br><br>  *Defendant-in-rem.* | Case No. 1:25-cv-00995 |

**ORDER GRANTING UNOPPOSED MOTION FOR ISSUANCE OF HAGUE CONVENTION REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE TO OBTAIN EVIDENCE IN THE HONG KONG SPECIAL ADMINISTRATIVE REGION OF THE PEOPLE'S REPUBLIC OF CHINA**

The Court, having reviewed Defendants and Counterclaim-Plaintiffs David Geffen and Ithaka Trust's Unopposed Motion for Issuance of a Hague Convention Request for International Judicial Assistance to Obtain Evidence in the Hong Kong Special Administrative Region of the People's Republic of China and the accompanying papers, HEREBY ORDERS THAT:

1.  The Motion is GRANTED.

2.  The Request for Judicial Assistance Pursuant to the Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters, attached as Exhibit A to the Declaration of Tibor L. Nagy, Jr. dated March 16, 2026, is hereby issued as the Court's "Letter of Request" and is fully incorporated herein.

1

3.      The signed Order and the Letter of Request will be given to Nagy Wolfe Appleton LLP, which will cause both documents to be filed with the appropriate judicial authority in the Hong Kong Special Administrative Region of the People's Republic of China.

4.      The Stipulation and Protective Order (ECF No. 31) in this action shall apply to any documents produced by or the testimony of Storfield Insurance Consultants Limited, including any transcript or video.  For purposes of enforcement of this Court's Letter of Request in the Hong Kong Special Administrative Region of the People's Republic of China, the Courts of Hong Kong with jurisdiction over such enforcement shall be treated as a "Court" as that term is used in Paragraph 7(n) of the Stipulation and Order of Confidentiality.

5.      Neither this Order, nor the terms of the Letter of Request (which are incorporated into this Order) shall be construed or operate as a waiver of any argument, position, objection, allegation, or claim or defense of any party in the above-captioned action, or of the attorney-client privilege, the work-product doctrine, or any other privileges, rights, protections, or prohibitions that may apply to that evidence under the laws of the Hong Kong Special Administrative Region of the People's Republic of China, the United States of America, or the State of New York.

IT IS SO ORDERED.

DATED: April 21, 2026
New York, New York

THE HONORABLE GARY STEIN
UNITED STATES MAGISTRATE JUDGE

2