UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SUN, YUCHEN JUSTIN,<br><br>*Plaintiff and Counterclaim-Defendant,*<br><br>-against-<br><br>DAVID GEFFEN and ITHAKA TRUST,<br><br>*Defendants and Counterclaim-Plaintiffs,*<br><br>-and-<br><br>*LE NEZ*,<br>a sculpture,<br><br>*Defendant-in-rem*. | Case No. 1:25-cv-00995 |

**ORDER GRANTING UNOPPOSED MOTION FOR ISSUANCE OF HAGUE CONVENTION REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE TO OBTAIN EVIDENCE IN THE PEOPLE'S REPUBLIC OF CHINA**

The Court, having reviewed Defendants and Counterclaim-Plaintiffs David Geffen and Ithaka Trust's Unopposed Motion for Issuance of a Hague Convention Request for International Judicial Assistance to Take Testimony Overseas and the accompanying papers, HEREBY ORDERS THAT:

1. The Motion is GRANTED.

2. The Request for International Judicial Assistance Pursuant to the Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters, attached as Exhibit A to the Declaration of Tibor L. Nagy, Jr. dated July 8, 2026, is hereby issued as the Court's "Letter of Request" and is fully incorporated herein.

3. The signed Order and the Letter of Request will be given to Nagy Wolfe Appleton LLP, which will cause both documents to be filed with the appropriate judicial authority in the People's Republic of China.

4. The Stipulation and Protective Order (ECF No. 31) in this action shall apply to any documents produced by or the testimony of Sydney Zihan Xiong, including any transcript or video.

5. Neither this Order, nor the terms of the Letter of Request (which are incorporated into this Order) shall be construed or operate as a waiver of any argument, position, objection, allegation, or claim or defense of any party in the above-captioned action, or of the attorney-client privilege, the work-product doctrine, any applicable rules of evidence, or any other privileges, rights, protections, or prohibitions that may apply to that evidence under the laws of the People's Republic of China, the United States of America, or the State of New York.[1] The Clerk of Court is respectfully requested to terminate the motion on Dkt. No. 222.

IT IS SO ORDERED.

DATED: August 25, 2026

THE HONORABLE GARY STEIN
UNITED STATES MAGISTRATE JUDGE

[1] This Order and the Letter of Request (in the form of proposed documents) were drafted and submitted by David Geffen and Ithaka Trust. While Yuchen Justin Sun does not oppose the Motion, he specifically reserves (in addition to the reservations in Paragraph 5 above) the right to object to any factual or legal statements or characterizations in this Order or the Letter of Request.

3. The signed Order and the Letter of Request will be given to Nagy Wolfe Appleton LLP, which will cause both documents to be filed with the appropriate judicial authority in the People's Republic of China.

4. The Stipulation and Protective Order (ECF No. 31) in this action shall apply to any documents produced by or the testimony of Sydney Zihan Xiong, including any transcript or video.

5. Neither this Order, nor the terms of the Letter of Request (which are incorporated into this Order) shall be construed or operate as a waiver of any argument, position, objection, allegation, or claim or defense of any party in the above-captioned action, or of the attorney-client privilege, the work-product doctrine, any applicable rules of evidence, or any other privileges, rights, protections, or prohibitions that may apply to that evidence under the laws of the People's Republic of China, the United States of America, or the State of New York.[1] The Clerk of Court is respectfully requested to terminate the motion on Dkt. No. 222.

IT IS SO ORDERED.

DATED: August 25, 2026

THE HONORABLE GARY STEIN
UNITED STATES MAGISTRATE JUDGE

[1] This Order and the Letter of Request (in the form of proposed documents) were drafted and submitted by David Geffen and Ithaka Trust. While Yuchen Justin Sun does not oppose the Motion, he specifically reserves (in addition to the reservations in Paragraph 5 above) the right to object to any factual or legal statements or characterizations in this Order or the Letter of Request.