**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------X

YUCHEN JUSTIN SUN,

Plaintiff and Counterclaim Defendant,

-against-

DAVID GEFFEN and ITHAKA TRUST,

Defendants and Counterclaim Plaintiffs.

-and-

*LE NEZ*, a sculpture,

Defendant-in-rem.

---------------------------------------------------------------X

**25 Civ. 995 (AT) (GS)**

**ORDER**

**GARY STEIN, United States Magistrate Judge:**

Defendants and Counterclaim Plaintiffs David Geffen and Ithaka Trust ("Geffen") have filed a letter-motion to compel Plaintiff and Counterclaim Defendant Yuchen Justin Sun ("Sun") to produce documents and substantive responses to Geffen's requests for production and requests for admission relating to BVI Global Atlas Limited ("BVI-GAL"). (Dkt. No. 190). In response, Sun contends, *inter alia*, that Geffen failed to satisfy his meet and confer obligations before filing his letter-motion. (Dkt. No. 194). With leave of Court, Geffen submitted a reply letter that, *inter alia*, disputed that contention. (Dkt. No. 197-1).

Under the Federal Rules of Civil Procedure and my individual rules, any party wishing to raise a discovery dispute with the Court must first confer in good faith with the opposing party in an effort to resolve the dispute and certify the

same. Fed. R. Civ. P. 37(a)(1); Hon. Gary Stein, Individual Practices in Civil Cases ("Individual Practices"), Rule II.C.1. "An exchange of letters or emails alone does not satisfy this requirement." Individual Practices, Rule II.C.1. A letter raising a discovery dispute with the Court "must include a representation that the meet-and-confer process occurred, including when it occurred and whether it was in person or via telephone or video conference." *Id.*, Rule II.C.2.

"The importance of the meet and confer requirement cannot be overstated: it 'ensures that when limited court resources are taxed to address discovery disputes, they are in fact ripe for determination, the issues have been framed for the ease of the court, and the parties are firmly convinced of their inability to arrive at a mutually acceptable compromise among themselves.'" *City of Hartford v. Monsanto Co.*, No. 3:15cv1544 (RNC), 2017 WL 3531479, at *2 (D. Conn. Aug. 17, 2017) (quoting *Cornell Res. Found., Inc. v. Hewlett Packard Co.*, 223 F.R.D. 55, 59 (N.D.N.Y. 2003)). "As many courts have held, the failure to meet and confer in good faith with opposing counsel is sufficient reason by itself to deny [a party's] motion to compel." *Azzarmi v. Key Food Stores Co-Operative Inc.*, No. 20 Civ. 6835 (GBD) (BCM), 2021 WL 1734922, at *3 (S.D.N.Y. May 3, 2021) (alteration in original) (citations omitted).

Here, Geffen's letter-motion states only that "[t]he parties met and conferred on the BVI-GAL issues on April 2 and April 22, 2026, and exchanged numerous communications on those issues between March 11 and April 16, 2026." (Dkt. No. 190 at 1 n.1). It does not include a representation, as required by my individual

rules, specifying whether the parties met and conferred in person or via telephone or video conference. Nor does it comply with my April 10, 2026 Order specifying that further requests for court intervention would need to contain "a clear and detailed description of [the parties'] meet and confer efforts." (Dkt. No. 138 at 3).

In his letter in opposition, Sun asserts that after Sun served responses and objections to Geffen's discovery requests related to BVI-GAL on April 16, 2026, Geffen did not raise any concerns about them or otherwise request a meet and confer about them. (Dkt. No. 194 at 2). Sun notes that the parties did have lengthy meet and confer sessions on April 16 and April 22, 2026, but represents that the BVI-GAL requests were not among the topics discussed. (*Id.* at 2 & n.2). In support, Sun attaches email correspondence between counsel, including emails from Geffen's counsel memorializing the April 16 and April 22 meet-and-confer discussions. (*Id.* Ex. 4). Neither summary mentions any discussion of the BVI-GAL discovery requests. (*Id.* Ex. 4 at 2–7, 9–11).

In his reply, Geffen declares that Sun has "falsely" and "egregiously" claimed that Geffen did not meet and confer, accuses Sun of "dragg[ing] out discussions" to avoid providing required discovery, and proclaims "there is no question that Geffen fulfilled his obligation to meet and confer" about the BVI-GAL discovery requests. (Dkt. No. 197-1 at 1, 3). What Geffen does not do, however, is provide facts backing up these assertions. Notably, he ignores altogether his counsel's emails memorializing the April 16 and April 22 meetings (attached to Sun's submission) and makes no attempt to explain why, if the BVI-GAL requests were discussed

during those meetings, the emails do not mention it.

Instead, Geffen asserts vaguely that the parties met and conferred on April 22 "regarding *all of* Sun's R&Os" to Geffen's Fifth Requests for Production of Documents and Third Requests for Admission, "including the BVI-GAL requests at issue in Geffen's present motions." (*Id.*; emphasis in original)). But these requests included 18 RFPs and 98 RFAs, of which only one RFP and five RFAs related to BVI-GAL. (*See* Dkt. No. 194 Ex. 2 at 7–15 & Ex. 3 at 7–46). A genuine and good faith attempt to meet and confer, prior to seeking court intervention, must be specifically tailored to the discovery requests in question. Geffen does not contend that such an attempt took place on April 22, and still has not provided "a clear and detailed description" of the meet and confer process sufficient to satisfy the Court's April 10 Order. (Dkt. No. 138 at 3).[1]

Accordingly, once again, Geffen's motion to compel is **DENIED** due to his counsel's failure to properly meet and confer with opposing counsel. (*See* Dkt. No. 138 at 2–3 (denying Geffen discovery request for failing to meet and confer); Dkt. No. 258 at 22–23 (denying Geffen discovery request for failing to meet and confer)). The Clerk of Court is respectfully directed to close the motions pending at Docket

---

[1] Geffen does contend (and Sun does not dispute) that the parties met and conferred "specifically regarding BVI-GAL-related issues" on April 2, 2026. (Dkt. No. 197-1 at 2). But that was before Sun had even served his responses and objections to Geffen's BVI-GAL discovery requests on April 16. Clearly, the meet and confer process had not run its course as of April 2.

Numbers 190 and 191.

**SO ORDERED.**

DATED: New York, New York
October 6, 2026

GARY STEIN
United States Magistrate Judge